UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BARBARA VALCARCEL, PINCHUS PERLMUTTER, and MICHELE ACERRA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>RP ILLUSIONS CORP D/B/A Museum of Illusions New York,<br>Defendant. | Case No.:<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Barbara Valcarcel, Pinchus Perlmutter, and Michele Acerra ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, bring this class action complaint against RP Illusions Corp d/b/a Museum of Illusions New York ("Defendant" or "MOI"). Plaintiffs allege the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiffs, which are alleged upon personal knowledge.

**NATURE OF THE ACTION**

1.  Defendant has been charging online purchasers of MOI tickets from its website at https://newyork.museumofillusions.us, without properly disclosing fees prior to the consumer checking out, in violation of the New York Arts and Cultural Affairs Law § 25.07(4).

2.  When ticket purchasers visit Defendant's website https://newyork.museumofillusions.us,  to buy an admission ticket to an event, they are initially presented one price, only to later be shown the true total ticket price, which includes an additional "Processing Fee."

1

3. In an effort to stop this type of business practice, New York State passed the Arts and Cultural Affairs Law, which provides that a "platform that facilitates the sale or resale of tickets… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." § 25.07(4).

4. The "disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. (emphasis added). § 25.07(4) further states that "[t]he price of the ticket shall not increase during the purchase process." *Id*. (emphasis added). This latest version of the law went into effect August 29, 2022.[1]

5. Arts and Cultural Affairs Law § 25.07(4) provides that a "platform that facilitates the sale or resale of tickets". . . shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id*.

6. As a result of Defendant's failure to adhere to these disclosure standards, Plaintiffs seek relief in this action individually, and on behalf of all other ticket purchasers of Defendant for actual and/or statutory damages in the amount of fifty dollars per violation,[2] reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## PARTIES

7. Plaintiff Barbara Valcarcel is an individual consumer who, at all times material hereto, was a citizen and resident of New York County, New York. Plaintiff purchased an admission ticket to MOI through Defendant's website, https://newyork.museumofillusions.us.

---

[1] *See* N.Y. Arts & Cult. Aff. Law § 25.07
[2] *See* New York Arts and Cultural Affairs Law § 25.34



*Ms. Valcarcel Ticket Confirmation*

The transaction flow process she viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 5* in this complaint. When Ms. Valcarcel first visited Defendant's website to purchase a ticket, she was initially presented with a fee-less price. Only after selecting her ticket option, then clicking through multi-pages, was she then presented with an additional "Processing Fee."

8. Plaintiff Pinchus Perlmutter is an individual consumer who, at all times material hereto, was a citizen and resident of Rockland County, New York. Plaintiff purchased an admission ticket to MOI through Defendant's website, https://newyork.museumofillusions.us.



*Mr. Perlmutter Ticket Confirmation*

The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in Figures 1 through 5 in this complaint. When Mr. Perlmutter first visited Defendant's website to purchase a ticket, he was initially presented with a fee-less price. Only after selecting his ticket option, then clicking through multi-pages, was he then presented with an additional "Processing Fee."

9. Plaintiff Michele Acerra is an individual consumer who, at all times material hereto, was a citizen and resident of Richmond County, New York. Plaintiff purchased an admission ticket to MOI through Defendant's website, https://newyork.museumofillusions.us.



*Ms. Acerra Ticket Confirmation*

The transaction flow process she viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 5* in this complaint. When Ms. Acerra first visited Defendant's website to purchase a ticket, she was initially quoted a fee-less price. Only after selecting her ticket option, then clicking through multi-pages, was she then presented with an additional "Processing Fee."

10. Defendant RP Illusions Corp. d/b/a Museum of Illusions New York is a Delaware corporation with a principal place of business located in Decatur, GA. RP Illusions develops and franchises museums across the world. The company's primary goal is to provide memorable and exciting educational opportunities while evolving its approach to creativity, art, and entertainment.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendant.

12. Upon information and belief, Defendant sold thousands of tickets to its place of entertainment through its website during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

13. This Court has personal jurisdiction over Defendant because Defendant operates their business in the state of New York and directed their business via the sale of tickets through their website to consumers in New York, including to Plaintiffs. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff Valcarcel is a resident of New York County.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

14. New York enacted Arts & Cultural Affairs Law § 25.07(4), effective August 29, 2022, providing that "every operator … of a place of entertainment … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the

6

total cost and fees shall be displayed in the ticket listing prior to the ticket being selected for purchase." *Id*. (emphasis added). And "[t]he price of the ticket shall not increase during the purchase process." *Id*.

15. The State of New York's Division of Licensing Services, presented with questions about the scope of the law, stated that the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices.[3] "From the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself."[4] "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser."[5]

## COMMON FACTUAL ALLEGATIONS

16. When prospective purchasers visit Defendant's website, https://newyork.museumofillusions.us, to start the purchase process, they must click the "Buy Tickets" button on the upper right of the homepage. *See Figure 1*, next page:

---

[3] *See Request for Additional Guidance – New York State Senate Bill S.9461*, N.Y. DEP'T OF STATE, DIV. LICENS. SERVS., (Oct. 24, 2022) https://dos.ny.gov/system/files/documents/2023/06/response-letter-redacted.pdf (last visited March 5, 2024).
[4] *Id.*
[5] *Id.*



*Figure 1*

17. Thereafter, purchasers are prompted to select either the "Regular Admission" or "Family Admission" options with a ticket starting price displayed for each. *See Figure 2*.



*Figure 2*

18. Next, purchasers are prompted to select the date and time of their visit. *See Figure 3*, next page.



*Figure 2*

19. After confirming, purchasers are prompted to select a quantity and type of tickets. *See Figure 4*.



*Figure 4*

20. Finally, purchasers are taken to the checkout screen where the ticket "Total" price is displayed. *See Figure 5*, next page.

9



*Figure 5*

21.     It is only on this final screen that purchasers are presented with an added "Processing Fee." This is the first time Defendant's make any mention of additional "Fees" in the entire multi-step ticket purchase process.

**COMPLIANCE WITH NEW YORK ARTS AND CULTURAL AFFAIRS § 25.07(4)**

22.     Certain ticket sellers' websites, in contrast to MOI, appear to comply with ACAL. Ticket reseller Eventbrite, Inc. ("Eventbrite") presentation of fees on their website https://www.eventbrite.com/ is an example of a business that is in compliance with the New York Arts and Cultural Affairs Law § 25.07(4).

23.     As soon as a purchaser is prompted to select their ticket type, they are presented with the ticket price, inclusive of fees. *See Figure 6*, next page.



*Figure 6*

24.     Finally, the purchaser arrives at the checkout page, ready to complete their purchase, and is shown the same ticket price presented on the prior page. *See Figure 7*.



*Figure 7*

11

25. In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by Eventbrite did the ticket price displayed to the buyer change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

26. Additionally, the American Museum of Natural History ("AMNH") serves as another example of how ticket fees should be presented to comply with the statute.

27. When a purchaser visits the American Museum of Natural History ("AMNH") website at https://www.amnh.org to purchase a ticket, they are initially prompted to select the type and quantity of tickets, with a price displayed. *See Figure 8*.



*Figure 8*

28. Thereafter, a purchaser is prompted to select the date and time of their visit, with the price display remaining the same as it was during the initial step in the purchase process. *See Figure 9*, next page.



*Figure 9*

29.     Next, the purchaser is asked to review their cart to confirm their ticket details. *See Figure 10*.





*Figure 10*

30. Finally, the purchaser arrives at the checkout page, ready to complete their purchase. *See Figure 11.*



*Figure 11*

31. In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by AMNH, did the ticket price displayed to the buyer change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

**CLASS ACTION ALLEGATIONS**

32. Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure, individually and on behalf of the following Class:

All purchasers of tickets to the MOI New York location from Defendant's website.

33. Specifically excluded from the Class are Defendant's, its officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals,

servants, partners, joint venturers, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or its officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

34. Plaintiffs reserve the right to amend the Class definition above if further investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into subclasses, or otherwise modified in any way.

35. This action may be certified as a class action under Federal Rule of Civil Procedure 23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority requirements therein.

36. <u>Numerosity (Rule 23(a)(1))</u>: The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, Plaintiffs estimate that the Class is comprised of hundreds of thousands, or more, Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendant.

37. <u>Typicality of Claims (Rule 23(a)(3))</u>: Plaintiffs, like the other customers of MOI have been subjected to MOI deceptive pricing disclosure practices. Plaintiffs are members of the Class and their claims are typical of the claims of the members of the Class. The harm suffered by Plaintiffs is similar to that suffered by all other Class members that was caused by the same misconduct by Defendant.

38. <u>Adequacy of Representation (Rule 23(a)(4))</u>: Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interests antagonistic to, nor in

conflict with, the Class. Plaintiffs have retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

39. <u>Superiority (Rule 23(b)(3))</u>: A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein. If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

40. <u>Predominant Common Questions (Rule 23(a)(2))</u>: The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

    a. Whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4);

    b. Whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and

    c. Whether Defendant failed to disclose its service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

41. Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

42. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

43. Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

44. Given that Defendant has not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

## CAUSES OF ACTION

### COUNT I
### NEW YORK ARTS & CULTURAL AFFAIRS LAW§ 25.07
### (On Behalf Of The Nationwide Class and New York Subclass)

45. Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-6, and 16-44, as if fully set forth herein.

46. Plaintiffs bring this claim individually and on behalf of the members of the Nationwide Class and New York Subclass against Defendant.

47. Defendant is an "operator[s]… of a place of entertainment" under N.Y. Arts & Cult. Aff. Law § 25.03(6), because Defendant operates MOI, which constitutes a "place of entertainment."

48. Under N.Y. Arts & Cult. Aff. Law § 25.03(6), a "'Place of entertainment' means any privately or publicly owned and operated entertainment facility such as a theatre, stadium, arena, racetrack, museum, amusement park, or other place where performances, concerts, exhibits, athletic games, or contests are held for which an entry fee is charged."

49. Defendant, by failing to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in *Figures 1 through 5* of this Complaint, has violated New York Arts & Cultural Affairs Law § 25.07(4)

50. Through increasing the total cost of its tickets during the purchase process, as depicted in *Figures 1 through* 5 of this Complaint, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4)

51. Additionally, by failing to "disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in *Figure 5* of this Complaint, Defendant further violated New York Arts & Cultural Affairs Law § 25.07(4)

52. Defendant's "processing fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

53. Plaintiffs purchased tickets on Defendant's website and were forced to pay Defendant's service charge in order to secure their tickets. Plaintiffs were harmed by paying this service charge, even though that total cost was not disclosed to Plaintiffs at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

54. Plaintiffs were also harmed by paying Defendant's service charge, even though it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

55. Through this Complaint, Plaintiffs, on behalf of themselves and members of the Class, seek to enjoin the unlawful acts and practices described herein, to recover actual damages

or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct is improper and in violation of New York Arts & Cultural Affairs Law §25.07;

(c) For an order finding in favor of Plaintiffs and the Class;

(d) For compensatory and statutory damages in amounts to be determined;

(e) For prejudgment interest;

(f) For an order of restitution and other available forms of equitable monetary relief;

(g) For injunctive relief as the Court may deem proper; and

(h) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses.

## **DEMAND FOR TRIAL BY JURY**

Plaintiffs demand a trial by jury of all issues so triable.

Dated: March 05, 2024                    **LEVI & KORSINSKY, LLP**

By: */s/ Eduard Korsinsky*
Eduard Korsinsky (EK-8989)
Mark S. Reich (MR-4166)
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: ek@zlk.com
            mreich@zlk.com

*Counsel for Plaintiffs*